■ JAMES V. SINKAUS et al., Appellants, v REGIONAL SCAFFOLDING & HOISTING CO., INC., et al., Respondents, et al., Defendant. (And a Third-Party Action.) [898 NYS2d 107]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 11, 2008, which, to the extent appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing the complaint and denied plaintiffs' motion for leave to serve and file a supplemental bill of particulars, unanimously affirmed, without costs.

Plaintiffs allege that defendants caused or permitted the ramp upon which plaintiff worker was pulling a cart filled with drywall to have an excessively steep slope, thus triggering the events leading to his injury when his coworkers pushed the cart over his foot.

To recover under Labor Law § 240 (1), a plaintiff must demonstrate a violation of the statute, proximately causing his injury (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559 [1993]). The hazards that warrant the protection contemplated by this statute are "those related to the effects of gravity where protective devices are called for . . . because of a difference between the elevation level of the required work and a lower level" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Here, the accident was not caused by the effects of gravity. To the contrary, the cart rolled over plaintiff's foot while his coworkers were pushing it back up the ramp, that is, while the cart was ascending.

Plaintiffs sought to assert in a supplemental bill of particulars the requirement in Industrial Code (12 NYCRR) § 23-1.23 (b) and New York City Building Code (Administrative Code of City of NY) § 27-1051 (d) that ramps have a grade of no more than 25%. Even assuming that these provisions, dealing with earthen ramps, are applicable, defendants have submitted evidence that the slope of the ramp in question was less than 25% and thus not excessively steep. Plaintiffs' allegation in this regard is conclusory, does not create an issue of fact, and warrants dismissal of the claims under Labor Law § 241 (6) (*see e.g. Ayotte v Gervasio*, 81 NY2d 1062 [1993]).

The York Hunter and Take One defendants established prima facie entitlement to dismissal of the claims against them under Labor Law § 200 and common-law negligence by demonstrating that the accident was not proximately caused by any defect in or configuration of the ramp. In opposition, plaintiffs failed to raise a triable issue of fact. Defendant Regional Scaffolding & Hoisting also established its prima facie entitlement to judgment dismissing the claims for recovery under Labor Law § 200 and for common-law negligence because there was no evidence that it supervised or controlled the injured plaintiff's work, or created the allegedly dangerous condition (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Roman, JJ.