Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered November 30, 2012, which, to the extent appealed from, denied defendants 780 E. 132nd St. Co. LLC and Benenson Capital Company LLC’s motion for summary judgment dismissing plaintiffs’ Labor Law §§ 240 (1) and 241 (6) claims against them, and denied defendant City of New York’s motion for summary judgment dismissing plaintiffs’ common-law negligence and Labor Law §§ 200, 240 (1) and 241 (6) claims against it, unanimously modified, on the law, to dismiss the Labor Law § 241 (6) claims against all defendants, and otherwise affirmed, without costs.
Plaintiff Yefim Kochman was a Verizon technician assigned to move a T-l line circuit at defendants’ building, a garage. The building, located at 780 E. 132nd Street, is owned by defendant 780 E. 132nd Street Co. LLC, operated by defendant Benenson Capital Company LLC (the building defendants), and leased by defendant City of New York for the use of its Department of Sanitation (DSNY), which houses its trucks there. In addition, there was a separate structure within the garage space which housed offices for the DSNY.
When Kochman arrived at the garage, a DSNY employee showed him the room where the circuit was located and the room to which the circuit was to be moved. Kochman noted, and the DSNY employee confirmed, that the walls of the structure were made of concrete, making drilling holes for the wires prohibitive. The DSNY employee recommended running the additional wires through the structure’s roof, stating that previous Verizon technicians had done the same thing. Koch-man then went to access the roof via a stairway within the garage, but was stopped by different DSNY employees, who told him not to use the stairway, although they said nothing about the roof. Kochman then got his own ladder, climbed to the top of the structure, looked at the roof, which he could not see well because of poor lighting, and stepped on the structure’s roof, *478 which he promptly fell through because it could not support his weight.
The City argues that plaintiffs may not maintain a Labor Law § 200 cause of action against it because it did not direct or control Kochman’s work and because the roof did not represent a dangerous or defective condition of which it had notice. We disagree. While the DSNY employee’s general suggestion that Kochman access the roof to run the wires is not sufficient to confer on the City the “authority or control” over Kochman’s work for Labor Law § 200 liability (see e.g. O’Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 226 [1st Dept 2006], affd 7 NY3d 805 [2006]), there is testimony in the record from one of DSNY’s employees that they had been warned never to access the roof, as it could not support a person’s weight, giving rise, at the very least, to a question of fact concerning whether the roof was a dangerous condition for Kochman’s task, of which the City had notice yet failed to warn.
Both the City and the building defendants next argue that Kochman’s task that day did not constitute an alteration of the premises within the meaning of section 240 (1) or construction within the meaning of section 241 (6). We find this argument unpersuasive. Kochman was not merely splicing cables into the existing circuit (see e.g. Rhodes-Evans v 111 Chelsea LLC, 44 AD3d 430 [1st Dept 2007]); he was running new wires through the roof of the structure, along the roof, and down into the other room where a new circuit would be installed. Kochman would have needed to take steps to permanently affix the wires to the roof of the structure, and to protect them from any hazard (see e.g. Schick v 200 Blydenburgh, LLC, 88 AD3d 684 [2d Dept 2011], lv dismissed 19 NY3d 876 [2012]). Accordingly, the motion court properly denied defendants’ motion for summary judgment on the section 240 (1) claim.
Turning to the section 241 (6) claim, we find the motion court should have dismissed this claim based upon the regulations allegedly violated. Plaintiffs based their section 241 (6) claim on violations of sections 23-1.5, 23-1.7 (b) and 23-1.30 of the Industrial Code (12 NYCRR). However, section 23-1.5 of the Industrial Code is too general to support a cause of action for violating Labor Law § 241 (6) (see e.g. Mouta v Essex Mkt. Dev. LLC, 106 AD3d 549, 550 [1st Dept 2013]). Section 23-1.7 (b) applies to hazardous openings (see e.g. Ramirez v Metropolitan Transp. Auth., 106 AD3d 799 [2d Dept 2013]), and here Koch-man fell not through an opening, but the ceiling itself. Finally, plaintiffs’ allegations concerning a violation of Industrial Code § 23-1.30, concerning improper illumination of the work site, *479 are too vague to support any inference that the lighting fell below the specific statutory requirements (see e.g. Carty v Port Auth. of N.Y. & N.J., 32 AD3d 732 [1st Dept 2006], lv denied 8 NY3d 814 [2007]).
We have considered defendants’ remaining contentions and find them unavailing. Concur — Friedman, J.E, Richter, Feinman and Gische, JJ.