■ JAIRO MARTINEZ, Respondent-Appellant, v 342 PROPERTY LLC et al., Appellants-Respondents, et al., Defendant. (And Other Third-Party Actions.) [8 NYS3d 309]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about February 11, 2014, which, to the extent appealed from as limited by the briefs, granted so much of defendants 342 Property LLC and Flintlock Construction Services, LLC's motion for summary judgment as sought dismissal of plaintiff's Labor Law § 241 (6) cause of action, denied so much of their motion as sought dismissal of plaintiff's Labor Law § 240 (1) cause of action, and denied plaintiff's cross motion for partial summary judgment on the Labor Law §§ 240 (1) and 241 (6) causes of action, unanimously modified, on the law, to grant defendants' motion in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against these defendants.

Plaintiff and his coworkers were moving a piece of an 8,000-pound piece of equipment across a flat platform. The ultimate

goal was to place the equipment onto the forks of a forklift. Plaintiff testified that because two wheels broke off, the workers were pushing and pulling the equipment when it pinned him against a column on the side of the platform. Plaintiff testified that they did not lift the equipment into the air, and that it did not fall. Nor did he know what caused the equipment to shift laterally towards his side. Plaintiff's testimony established that the piece of equipment that pinned him to the column was not a "falling object" and that he was not a "falling worker," and the accident did not otherwise flow from the application of the force of gravity. Thus, he was not covered by Labor Law § 240 (1) under the current case law (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 8 [2011], citing *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]; *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *Mosher v County of Rensselaer*, 232 AD2d 952 [3d Dept 1996]).

The motion court properly granted defendants' motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action, because the provisions of the Industrial Code relied on by plaintiff (12 NYCRR 23-1.25 [b]; 23-6.1 [c], [d]) are either not sufficiently specific to give rise to a triable claim under section 241 (6) (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]) or are inapplicable to the facts of this case. "[S]ection 23-1.5 of the Industrial Code is too general to support a cause of action for violating Labor Law § 241 (6)" (*Kochman v City of New York*, 110 AD3d 477, 478 [1st Dept 2013]) and 12 NYCRR 23-6.1 (c) and (d) are inapplicable because his accident did not arise out of the operation or loading of "material hoisting equipment." Even if we were to consider the affidavit stating that the equipment was being loaded onto the forklift at the time of the accident, subdivisions 23-6.1 (c) and (d) would still not apply because the general requirements of those provisions do not apply to "fork lift trucks" (12 NYCRR 23-6.1 [a]). Further, there is no evidence that plaintiff's accident was caused by the unsafe operation of material hoisting equipment (*see* 12 NYCRR 23-6.1 [c]) or an overloaded or improperly balanced load being moved by material hoisting equipment (*see* 12 NYCRR 23-6.1 [d]). Concur—Sweeny, J.P., Andrias, Moskowitz, Richter and Clark, JJ. ▮