Cuevas v Baruti Constr. Corp. (2018 NY Slip Op 05905)





Cuevas v Baruti Constr. Corp.


2018 NY Slip Op 05905


Decided on August 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 23, 2018

Sweeny, J.P., Richter, Andrias, Kahn, Moulton, JJ.


306798/13 6744 83700/15 6743

[*1]Gidar Manuel Cuevas, Plaintiff-Respondent.
v
Baruti Construction Corp., Defendant-Appellant. 
[And a Third Party Action]


Kaufman Borgeest & Ryan LLP, New York (Carol R. Finocchio of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 10, 2017, which granted plaintiff's motion for partial summary judgment as to liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs. Order, same court and Justice, entered on or about November 16, 2017, which granted plaintiff's motion to quash a nonparty subpoena, unanimously affirmed, without costs.
Plaintiff satisfied his initial burden of showing that the accident was proximately caused by the absence of safety devices affording adequate protection against the elevation-related risk posed by the roof cutting machine weighing between 200 and 500 pounds with wheels attached to its undercarriage. Plaintiff and four other workers were lifting the machine as they attempted to lower it from the roof of the building on which they were working to the ground about 10 feet below (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]; Gove v Pavarini McGovern, LLC, 110 AD3d 601, 602 [1st Dept 2013]; Harris v City of New York, 83 AD3d 104, 109-110 [1st Dept 2011]). Plaintiff's team was instructed to lift the machine over a six-inch parapet wall on the roof and let it fall onto insulating material on the ground level, guided by nothing more than a rope tended to by coworkers on the ground.
Plaintiff's testimony that he had only previously seen the roof cutting machine lifted by a hoist and that no hoist was available that day was uncontradicted. Defendant's site manager testified that such machines were typically lifted onto the roof by crane and that he had never seen a roof cutting machine removed by being dropped from the roof.
Plaintiff testified that the injury occurred as he and his team lifted the machine over the parapet wall and started to drop it; the machine crushed plaintiff's thumb against the wall as it fell to the ground. Three of plaintiff's coworkers similarly testified that in lifting the machine over the wall by hand and attempting to control its descent with the rope, the workers lost control of it and one of the wheels or other parts of the machine crushed plaintiff's thumb.
In opposition, defendant submitted a translation of a Spanish-language affidavit by Jose Veras, one of plaintiff's coworkers, who presented what defendant argues is an alternative account of the accident in which the injury was not caused by a falling object or the application of the force of gravity on the object (see Martinez v 342 Prop. LLC, 128 AD3d 408 [1st Dept 2015]; Sinkaus v Regional Scaffolding & Hoisting Co., Inc., 71 AD3d 478 [1st Dept 2010]). The English translation states that "[a]s [plaintiff and Veras] pushed the machine to the edge of the roof, it would not move. [Plaintiff] told me that one of the wheels was stuck. [Plaintiff] gave it a strong push, which caused the wheel to run over his hand." Defendant contends that this statement demonstrates that the accident occurred as plaintiff and Veras were wheeling the machine across the roof, and was not attributable to a gravity-related occurrence involving the force of a falling object.
In reply, however, plaintiff submitted a subsequent affidavit by Veras clarifying that plaintiff and Veras were lifting the machine over a "low parapet wall at the edge of the roof when its underside caught [plaintiff's] hand, smashing his thumb." This account of the accident is not inconsistent with that provided in Veras's first affidavit, although it provides greater specificity of detail than does the earlier affidavit. Any ambiguity in the first affidavit does not alter the fact that the two accounts are not inconsistent with each other.
The consistency of the two Veras affidavits is further demonstrated by their comparison with an earlier unsworn handwritten statement obtained from Veras one month after the accident occurred. In the earlier statement, Veras explains that in an attempt to push the machine off the roof, one man (presumably Veras) was positioned on the right rear side of the machine while the other man, plaintiff, took the left rear position. Veras's translated unsworn statement explains that "[a]s the left rear wheel cleared the roof, the under carriage of the machine slammed down on the edge of the roof and caught [plaintiff's] hand[,] smashing onto his thumb," and "as the machine tilted down again, [plaintiff] was able to pull his hand out." This early statement by Veras not only sets forth a detailed account of the accident, but, more importantly, is not inconsistent with his statements in the affidavits that followed it, that the incident occurred at the edge of the roof as plaintiff and Veras were in the process of sending the machine from the roof to their coworkers below. Indeed, Veras's three accounts of the accident not only support each other and the testimony of plaintiff, but also are congruent with the accounts of all of the other eyewitnesses to the accident in making clear that plaintiff was injured while the team was in the process of pushing the machine over the edge of the parapet wall in order to employ gravitational force, without a proper securing device, to lower the machine to the ground.
The motion court properly accepted Veras's second, clarifying affidavit in plaintiff's submission on reply. The second affidavit merely amplified the factual recitation set forth in Veras's initial affidavit, which had been procured and drafted by the defense and omitted the pertinent detail that the workers were actually in the process of lowering the machine from the roof, and not engaged in pushing it across the flat roof, when the accident occurred. Veras's second affidavit was a proper response to defendant's submission, and did not contradict the statement in his first affidavit (see Cox v McCormick Farms, 144 AD3d 1533 [4th Dept 2016] [where question was not directly asked in deposition, proper to consider subsequent affidavit providing greater specificity without directly contradicting deposition testimony]; Severino v 157 Broadway Assoc., LLC, 84 AD3d 505 [1st Dept 2011] [same]). Nor could Veras's second affidavit be rejected as raising a feigned issue of fact (see Sutin v Pawlus, 105 AD3d 1293 [3d Dept 2013]; Kalt v Ritman, 21 AD3d 321 [1st Dept 2005]), especially since it comported with all of the other eyewitness testimony in the case, as well as with Veras's own early unsworn statement, and explained the ambiguity arising from the omission of additional details in his first affidavit.
We have recognized the distinction in Labor Law § 240(1) cases between contradictory evidence and evidence that is subject to explanation in granting partial summary judgment on liability to a plaintiff (see Rom v Eurostruct, Inc. 158 AD3d 570 [1st Dept 2018] [unsworn accident report containing statement from coworker that plaintiff lost his balance and fell from ladder did not contradict plaintiff's consistent testimony that he fell because ladder suddenly moved]; Hill v City of New York, 140 AD3d 568, 570 [1st Dept 2016] [omission in plaintiff's subsequent affidavit of reference to ladder wobbling in statement that he lost his balance and fell did not contradict his earlier testimony, when taken together with all of the other evidence in the case]).
Here, Veras's three statements, when taken together and along with those of the three other eyewitnesses and that of plaintiff, provided a detailed and consistent recounting of the accident as having occurred during the lowering of the machine. Thus, contrary to defendant's contention, Veras's subsequent clarifying affidavit does not present a conflicting account of the accident sufficient to raise an issue of fact justifying denial of plaintiff's motion.
Defendant's reliance on Valente v Lend Lease [US] Constr. LMB, Inc. (29 NY3d 1104 [2017]) in advancing its opposing argument is misplaced. In sharp contrast to Valente, a case involving diametrically opposed accounts provided by the same witness as to the plaintiff's [*2]knowledge of the availability of appropriate safety devices and his willingness to use them, in this case the three accounts of the accident provided by Veras were not inconsistent with one another.
In light of the foregoing, we conclude that the court correctly granted plaintiff's motion to quash the nonparty subpoena of the coworker on the grounds that liability was established.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 23, 2018
DEPUTY CLERK