Nassar v Macy's Inc. (2020 NY Slip Op 02160)





Nassar v Macy's Inc.


2020 NY Slip Op 02160


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11323 161207/14

[*1]Naji Nassar, Plaintiff-Respondent,
v
Macy's Inc., et al., Defendants-Appellants.


Mauro Lilling Naparty LLP, Woodbury (Eric Z. Leiter of counsel), for appellants.
Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered March 4, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.22(b)(3) and the common-law negligence and Labor Law § 200 claims as against defendant Structure Tone, Inc., unanimously modified, on the law, to grant the motion as to the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.22(b)(3), and otherwise affirmed, without costs.
Because the record is devoid of evidence that defendants' violation of 12 NYCRR 23-1.22(b)(3), if any, was a proximate cause of plaintiff's injuries, the Labor Law § 241(6) claim must be dismissed to the extent it is predicated on that provision (see Guaman v City of New York, 158 AD3d 492, 493 [1st Dept 2018], lv denied 32 NY3d 903 [2018]; McCullum v Barrington Co. & 309 56th St. Co., 192 AD2d 489 [1st Dept 1993]).
Defendants contend that Structure Tone cannot be held liable for plaintiff's injuries under Labor Law § 200 or in common-law negligence because it lacked the requisite supervisory control over the means and methods of his work (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]). However, an issue of fact exists whether Structure Tone lent plaintiff the A-frame cart involved in his accidents; if it did, then defendants must demonstrate that Structure Tone neither created nor had actual or constructive notice of the dangerous or defective condition of the cart (Chowdhury v Rodriguez, 57 AD3d 121, 123 [2d Dept 2008]; accord Jaycoxe v VNO Bruckner Plaza, LLC, 146 AD3d 411, 412 [1st Dept 2017]; Lam v Sky Realty, Inc., 142 AD3d 1137, 1138-1139 [2d Dept 2016]). Defendants failed to do so; rather, they "merely pointed to gaps in plaintiff's proof" (Torres v Merrill Lynch Purch., 95 AD3d 741, 742 [1st Dept 2012]).
Defendants' argument that plaintiff was the sole proximate cause of his injuries is [*2]unpreserved (see Ervin v Consolidated Edison of N.Y., 93 AD3d 485 [1st Dept 2012]) and in any event unavailing.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK