Santiago v Genting N.Y. LLC (2025 NY Slip Op 04967)

Santiago v Genting N.Y. LLC

2025 NY Slip Op 04967

Decided on September 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 11, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 157665/19 595448/20|Appeal No. 4413-4414|Case No. 2023-05162, 2024-03454|

[*1]Edwin Santiago, Plaintiff-Respondent-Appellant,
v
Genting New York LLC Initially Sued Herein as Resorts World Casino et al., Defendants-Respondents-Appellants, United Architectural Metals, Inc., Defendant-Appellant-Respondent.
Genting New York LLC et al., Third-Party Plaintiffs-Respondents-Appellants,
v
United Architectural Metals, Inc., Third-Party Defendant-Appellant-Respondent.

Ahmuty, Demers & McManus LLP, Albertson (Kevin J. Murtagh of counsel), for appellant-respondent.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for Edwin Santiago, respondent-appellant.
Cullen and Dykman LLP, New York (Daniel E. Cerritos of counsel), for Genting New York LLC, Resorts World Casino and Plaza Construction LLC, respondents-appellants.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 28, 2023, which, to the extent appealed from, (1) denied plaintiff's motion for partial summary judgment on the issue of liability on his (a) Labor Law § 240 (1) claim as against defendants/third-party plaintiffs Genting New York LLC, Resorts World Casino and Plaza Construction LLC (collectively the Genting defendants), and (b) common-law negligence claim as against defendant/third-party defendant United Architectural Metals, Inc. (UAM); (2) (a) granted so much of the Genting defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim as against them, and (b) denied so much of their motion for summary judgment dismissing the Labor Law § 241 (6) claim as against them insofar as predicated on Industrial Code (12 NYCRR) § 23-1.22 (b) (3); (3) denied so much of UAM's motion for summary judgment dismissing (a) plaintiff's common-law negligence claim as against it, and (b) the Genting defendants' third-party contractual indemnification claim as against it; and (4) granted the Genting defendants' cross-motion for summary judgment on their third-party contractual indemnification claim against UAM, unanimously modified, on the law, to deny the Genting defendants' cross-motion for summary judgment on their third-party contractual indemnification claim against UAM, and otherwise affirmed, without costs. Order, same court and Justice, entered April 23, 2024, which, to the extent appealable, granted in part UAM's motion for reargument and, upon reargument, adhered to its prior determination denying so much of UAM's motion for summary judgment dismissing the Genting defendants' third-party contractual indemnification claim against it and granting the Genting defendants' cross-motion for summary judgment on their third-party contractual indemnification claim against UAM, unanimously affirmed, without costs.
Plaintiff alleges that he was injured when he and his coworkers used two dollies to move a crate of glass panels towards a hoist elevator on the ground floor of a building that was being constructed. The entrance to the hoist elevator was not level to the ground and a ramp was used to span the gap, resulting in a one-inch lip where the ramp contacted the ground. To get the panels from the first-floor deck into the hoist elevator, the workers were required to push the crate across the metal ramp. As the workers attempted to wheel the crate over the lip and into the hoist, the ramp wobbled, and the glass panels inside the crate shifted towards plaintiff, striking his right hand inside of the crate and breaking the crate.
The court properly denied partial summary judgment to plaintiff on the issue of liability on his Labor Law § 240(1) claim as against the Genting defendants, and properly granted summary judgment to the Genting defendants dismissing that claim as against them. Plaintiff's accident did not "flow from the application of the force of gravity" but was instead the result of the glass panel's lateral movement inside the crate (see Martinez v 342 Prop. LLC, 128 AD3d 408, 409 [1st Dept 2015]; see also Bucci v City of New York, 223 AD3d 453, 454 [1st Dept 2024]).
The court properly denied summary judgment to the Genting defendants dismissing the Labor Law § 241(6) claim as against them, insofar as it was predicated on Industrial Code (12 NYCRR) § 23-1.22(b)(3). To the extent relied upon by plaintiff, that regulation provides that "runways and ramps shall be substantially supported and braced to prevent excessive spring or deflection." Plaintiff and his coworker testified that the ramp wobbled, causing the crate to move and then collapse. Whether the "wobbling" that they described is the kind of "excessive spring or deflection" proscribed by the regulation, and whether any such "excessive spring or deflection" was a proximate cause of plaintiff's accident, is for the factfinder to determine (see Nassar v Macy's Inc., 182 AD3d 414, 414 [1st Dept 2020]).
UAM is not entitled to summary judgment dismissing plaintiff's common-law negligence claim as against it and plaintiff is not entitled to partial summary judgment as to UAM's liability on that claim. We cannot determine as a matter of law whether UAM launched a force or instrument of harm that caused plaintiff's injury (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]). On this record, issues of fact exist as to whether the crate that plaintiff was moving was defective and whether the way the crate was packed caused plaintiff's injuries.
It is undisputed that UAM fabricated and crated the glass panels at issue, which it sold to a third party (Massey's) that in turn installed the panels under a subcontract with the Genting defendants. The purchase order between UAM and Massey's contained a broad indemnification agreement requiring UAM to indemnify Massey's, "its affiliates, customers, employees, successors and assigns . . . from and against any losses . . . that arise out of or result from: (1) injuries or death to persons . . . in any way arising out of or caused by the work or services performed, or articles furnished by" UAM. This agreement has a performance-of-the-work trigger (see e.g. Cooper v Bldg 7th St. LLC, 231 AD3d 533, 533 [1st Dept 2024]), requiring UAM to indemnify the Genting defendants, Massey's "customers" under the indemnification agreement, for accidents, such as plaintiff's, that may have arisen from the articles furnished and packaged by UAM. However, summary judgment on the contractual indemnification claim must be denied as there are issues of fact regarding the liability of Genting and UAM (see Rodriguez v Dormitory Auth. of the State of N.Y., 104 AD3d 529, 531 [1st Dept 2013]; Francescon v Gucci Am., Inc., 71 AD3d 528, 529 [1st Dept 2010]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 11, 2025