■ JOSE ARTIGA, Appellant-Respondent, v CENTURY MANAGEMENT COMPANY, Respondent-Appellant. [757 NYS2d 28] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about March 21, 2002, which granted defendant's motion for summary judgment to the extent of dismissing plaintiff's claims pursuant to Labor Law § 240 (1) and § 241 (6), and denied plaintiff's cross motion for partial summary judgment on the issue of liability as to his Labor Law § 240 (1) and § 241 (6) claims, unanimously modified, on the law, to grant defendant's motion to the further extent of dismissing plaintiff's ordinary negligence claim pursuant to Labor Law § 200, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The motion court properly dismissed plaintiff's claims pursuant to Labor Law § 240 (1) and § 241 (6) on the ground that the work in which plaintiff was engaged at the time of his accident, applying joint compound to the ceiling of a common hallway, was, under the circumstances presented, merely routine maintenance, not construction work involving *"significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Futterman v Rela Realty Corp.*, 283 AD2d 261, 262 [2001]).

We modify only to grant defendant's motion to the further extent of dismissing plaintiff's negligence claim pursuant to Labor Law § 200. Recovery pursuant to Labor Law § 200 is conditioned on the defendant's supervision and control of the

injured worker's performance of the work causing injury (*Russin v Picciano & Son*, 54 NY2d 311, 316-318 [1981]). Defendant's contract with the owner did not require that defendant assume any supervisory responsibility, and it is uncontroverted that plaintiff was employed by the owner and directly supervised by the building superintendent employed by said owner. Defendant's mere oversight of the timing and quality of the work performed is not equivalent to direct supervision and control and is thus insufficient to support the imposition of liability under Labor Law § 200 (*see Gonzalez v United Parcel Serv.*, 249 AD2d 210, 210-211 [1998]; *Pacheco v South Bronx Mental Health Council*, 179 AD2d 550, 551 [1992], *lv denied* 80 NY2d 754 [1992]; *see also Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633, 634-635 [1995]). Concur— Nardelli, J.P., Tom, Andrias and Williams, JJ.