■ CONRAD G. REGER et al., Appellants-Respondents, v HARRY'S HARBOUR PLACE GRILLE, INC., Respondent, and HARBOUR PLACE MARINE SALES, INC., Respondent-Appellant. (Appeal No. 1.) [773 NYS2d 687]—Appeal and cross appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered April 3, 2002. The order, insofar as appealed from, denied plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1) and denied the cross motion of defendant Harbour Place Marine Sales, Inc. for summary judgment on common-law indemnification.

Appeal and cross appeals from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered February 11, 2003. The order denied in part defendants' motion and cross motion for summary judgment and denied plaintiffs' cross motion for partial summary judgment on liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by plaintiff Conrad G. Reger (Reger) when he fell from a ladder while working as an independent contractor at a restaurant operated by defendant Harry's Harbour Place Grille, Inc. (Grille) on premises leased from defendant Harbour Place Marine Sales, Inc. (Marine). Reger ascended the ladder to apply caulking to the roof and, as he stood on an upper rung, the ladder, which was unsecured, slipped out from beneath him, causing him to fall and hit his head on a metal staircase.

Supreme Court properly denied those parts of the motion and cross motions of the parties seeking summary judgment with respect to the Labor Law § 240 (1) claim. There is an issue of fact whether, at the time of his injury, Reger was involved in the repair of a roof that was leaking, and thus whether he is covered by the statute (see Short v Durez Division-Hooker Chems. & Plastic Corp., 280 AD2d 972, 973 [2001]; Leubner v McNeil, 261 AD2d 777, 778 [1999], lv dismissed 93 NY2d 1041 [1999]).

We reject plaintiffs' contention that the court erred in granting those parts of Grille's motion and Marine's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim. Section 241 (6) protects only "workers engaged in duties connected to the inherently hazardous work of construction, excavation or demolition" (Nagel v D & R Realty Corp., 99 NY2d 98, 101 [2002]). Defendants established that plaintiff was not engaged in any of those enumerated activities when he fell, and plaintiffs failed to raise a triable issue of fact.

We also reject plaintiffs' contention that the court erred in granting those parts of Grille's motion and Marine's cross motion seeking summary judgment dismissing the Labor Law § 200 claim. "Recovery pursuant to Labor Law § 200 is conditioned on the defendant's supervision and control of the injured worker's performance of the work causing injury" (*Artiga v Century Mgt. Co.*, 303 AD2d 280, 280-281 [2003]). Defendants met their initial burden of proof on the issue of supervision or control, and plaintiffs failed to raise a triable issue of fact.

Finally, we conclude that the court properly denied those parts of the motion of Grille and the cross motion of Marine seeking summary judgment granting them indemnification. Present— Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.