Keilitz v Light Tower Fiber N.Y., Inc. (2023 NY Slip Op 05661)

Keilitz v Light Tower Fiber N.Y., Inc.

2023 NY Slip Op 05661

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 158494/17, 595032/19 Appeal No. 982 Case No. 2022-04617 

[*1]Christopher Keilitz, Plaintiff-Appellant,
v
Light Tower Fiber New York, Inc. et al., Defendants-Respondents.
Light Tower Fiber New York, Inc., Third-Party Plaintiff-Respondent,
v
Hellman Electric Corp., Third-Party Defendant-Respondent.
Verizon New York, Inc., et al., Second Third-Party Plaintiffs-Respondents,
v
Hellman Electric Corp., Second Third-Party Defendant-Respondent.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Barry McTiernan & Moore LLC, New York (David H. Schultz of counsel), for Light Tower Fiber New York Inc., respondent.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Hellman Electric Corp., respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Katie Lee Wright of counsel), for Verizon New York Inc., Verizon Communications, Inc., and Empire City Subway, respondents.

Order, Supreme Court, New York County (William Perry, J.), entered June 28, 2022, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and so much of the Labor Law § 241(6) claim as based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7(a)(1), granted the motion of defendants Verizon New York, Inc., Verizon Communications, Inc., and Empire City Subway (ECS), for summary judgment dismissing those claims as against them, granted the motion of defendant Light Tower Fiber New York, Inc. (Light Tower) dismissing those claims and the Labor Law § 200 and common-law negligence claims as against it, and granted the motion of third-party defendant Hellman Electric Corp. (Hellman) dismissing all of those claims, unanimously modified, on the law, to the extent of granting plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and denying the motions of ECS and Light Tower for summary judgment dismissing the Labor Law § 240(1) claim as against them, and otherwise affirmed, without costs.
Pursuant to a contract with nonparty New York City Department of Education, Light Tower retained third-party defendant Hellman to install fiber optic cables in manholes in order to provide internet access to New York City public schools. Verizon Communications, Inc., is a holding company that owns defendants Verizon New York, Inc., and ECS. ECS leases manholes and conduits to telecommunications companies and owns the subject manhole. At the time of the accident, plaintiff had been employed by Hellman as an electrician for approximately two months.
The court properly dismissed the Labor Law §§ 240(1) and 241(6) claims as against defendants Verizon New York, Inc. and Verizon Communications, Inc., which did not own the subject premises. However, the court should not have dismissed the section 240(1) claim as against ECS and Light Tower, but rather should have granted plaintiff partial summary judgment.
Plaintiff testified that, at the time of his accident, he was performing work inside a manhole as part of Hellman's four-person team comprised of electricians. The team was tasked with installing fiber optic cables in two manholes, located approximately one block away from each other. Two members of the four-person team were assigned to each manhole. The job entailed "dragging pipes," which involved pulling ropes through conduits between the two manholes in order to connect them. Each pair of electricians would enter their respective manhole, move rope through previously installed conduits and locate a path that would allow the two manholes to be connected. Plaintiff testified that a "snake," i.e., fiberglass rod, would be "push[ed]" through one manhole and "pulled" through the other manhole. Ultimately, cables in about 20 manholes would be connected with each other. Plaintiff stated that Hellman-supplied vacuums were used to remove debris and [*2]water from the site.
Plaintiff testified that he entered the manhole by climbing down a permanent ladder. While he was crouching directly under the manhole opening and pushing the snake by hand into a hollow pipe running parallel to the manhole wall, a vacuum, which weighed between 20 to 30 pounds, fell into the manhole and struck plaintiff on the head.
Plaintiff established that he was engaged in an "altering" activity as enumerated by Labor Law § 240(1). Contrary to Supreme Court, plaintiff's work involved more than "feeding cable through a preexisting hole." Rather, it was part of a much larger, multi-worker project to install a fiber optic network through a 20-manhole structure where none had previously existed, with the ultimate goal of installing the cables into the school buildings, which would necessarily require drilling holes into the foundation of the school buildings in order to reach the communications room (see e.g. Weinberger v Hagedorn and Co., 91 NY2d 958 [1998] [running computer and telephone cables through ceiling from an existing computer room to new telecommunications center, involving the pulling of wire through "canals" in the ceiling, constituted an "alteration"]; Joblon v Solow, 91 NY2d 457 [1998] [hanging of wall clock, which involved the extension of electrical wiring, constituted an "alteration"]; Kochman v City of New York, 110 AD3d 477 [1st Dept 2013] [Verizon technician running new wires through and along roof and down into a room where a new circuit would be installed].
We further find as a matter of law that the vacuum that fell from ground level into the manhole and struck plaintiff on the head posed the type of elevation-related risk covered by Labor Law § 240(1) (see e.g. Rincon v New York City Hous. Auth., 202 AD3d 421, 422 [1st Dept 2022]; Hill v Acies Group, LLC, 122 AD3d 428, 429 [1st Dept 2014]; Mercado v Caithness Long Is. LLC, 104 AD3d 576, 577 [1st Dept 2013]). The vacuum's initial position at ground level does not remove this case from the ambit of Labor Law § 240(1), given that the object fell onto plaintiff while he was working underground (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 5-6 [2011]; see also Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]).
Our modification to grant plaintiff summary judgment as to liability on the Labor Law § 240(1) claim as against ECS, Light Tower and Hellman renders moot the claims against those defendants under Labor Law §§ 200 and 241(6) and common-law negligence. Accordingly, we have no occasion to address those causes of action as against those defendants.
ECS's contention as to its motion for summary judgment on its contractual indemnification claim against Light Tower is not properly before this Court, since that issue is "unrelated to the issues raised by plaintiff, the only party that filed a notice of appeal from the order under review" (Armental v 401 Park Ave. S. Assoc., LLC, 182 AD3d 405, 408 [1st Dept 2020]).THIS [*3]CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023