**Marinelli v Empire City Subway Co. (Ltd.)**

2024 NY Slip Op 34523(U)

December 9, 2024

Supreme Court, New York County

Docket Number: Index No. 152032/2019

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. NICHOLAS W. MOYNE** | **PART**      **41M** |
| | *Justice* | |

-------------------------------------------------------------------X

JOHN MARINELLI,

                 Plaintiff,

                 - v -

EMPIRE CITY SUBWAY COMPANY (LIMITED), VERIZON
NEW YORK INC.,LIGHTOWER FIBER NETWORKS I,
LLC,LIGHTOWER FIBER NETWORKS II, LLC,CROWN
CASTLE FIBER LLC,

                 Defendant.

-------------------------------------------------------------------X

LIGHTOWER FIBER NETWORKS I, LLC, LIGHTOWER FIBER
NETWORKS II, LLC, CROWN CASTLE FIBER LLC

                 Plaintiff,

                 -against-

HUGH O'KANE ELECTRIC CO., INC.

                 Defendant.

-------------------------------------------------------------------X

EMPIRE CITY SUBWAY COMPANY (LIMITED), VERIZON
NEW YORK INC.

                 Plaintiff,

                 -against-

HUGH O'KANE ELECTRIC CO., INC.,

                 Defendant.

-------------------------------------------------------------------X

**INDEX NO.**     152032/2019

**MOTION DATE**    09/09/2021, 09/27/2021, 10/01/2021, 10/01/2021, 08/24/2023

**MOTION SEQ. NO.**    001 002 003 004 005

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595696/2020

Second Third-Party
Index No. 595729/2020

The following e-filed documents, listed by NYSCEF document number (Motion 001) 83, 84, 85, 86, 87,
88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 173, 207, 210, 214, 218

were read on this motion to/for            **JUDGMENT - SUMMARY**         .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 101, 102, 103, 104,
105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 160, 161, 162, 163, 172, 174, 186,
187, 188, 212, 213, 215, 219

152032/2019  MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY         Page 1 of 11
Motion No.  001 002 003 004 005

1 of 11

were read on this motion to/for        <u>JUDGMENT - SUMMARY</u> .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 164, 165, 166, 167, 175, 177, 178, 181, 182, 211, 216, 220

were read on this motion to/for        <u>SUMMARY JUDGMENT(BEFORE JOIND)</u> .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 168, 169, 170, 171, 176, 179, 180, 183, 184, 185, 190, 191, 192, 217, 221

were read on this motion to/for        <u>JUDGMENT - SUMMARY</u> .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 208, 209

       <u>VACATE/STRIKE - NOTE OF ISSUE/JURY</u>

were read on this motion to/for        <u>DEMAND/FROM TRIAL CALENDAR</u> .

Upon the foregoing documents, it is

The following motions are consolidated for disposition in this order:

- Mot. Seq. 001: third-party/second third party defendant HUGH O'KANE ELECTRIC CO., INC.'S ("Hugh O'Kane") CPLR § 3212 motion for summary judgment and dismissal of plaintiff's complaint;
- Mot. Seq. 002: CPLR § 3212 motion by defendants LIGHTOWER FIBER NETWORKS I, LLC, LIGHTOWER FIBER NETWORKS II, LLC and CROWN CASTLE FIBER LLC (collectively the "Lightower defendants") seeking summary judgment dismissing the plaintiff's complaint and summary judgment on their cross-claims for contractual indemnification against Hugh O'Kane;
- Mot. Seq. 003: Plaintiff's CPLR § 3212 motion for summary judgment on the issue of liability against defendants EMPIRE CITY SUBWAY COMPANY (LIMITED), VERIZON NEW YORK INC., LIGHTOWER FIBER NETWORKS I, LLC, LIGHTOWER FIBER NETWORKS II, LLC, and CROWN CASTLE FIBER LLC for violation of Labor Law §§ 200, 240(1), and 241(6);
- Mot. Seq. 004: CPLR § 3212 motion for summary judgment by defendants EMPIRE CITY SUBWAY COMPANY (LIMITED) ("ECS") and VERIZON NEW YORK INC. ("Verizon") dismissing the plaintiff's complaint, dismissing all cross-claims against them, and for summary judgment on their indemnity claims against defendants LIGHTOWER FIBER NETWORKS I, LLC, LIGHTOWER FIBER NETWORKS II, LLC and CROWN CASTLE FIBER , LLC, and third-party defendant, HUGH O'KANE ELECTRIC CO., INC.;
- Mot. Seq. 005: Motion by ECS and Verizon pursuant to 22 NYCRR § 202.21(e) to vacate the note of issue and compel further discovery pursuant to CPLR § 3124.

**152032/2019  MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY**
**Motion No.  001 002 003 004 005**

**Page 2 of 11**

2 of 11

In this Labor Law ("LL") case, the plaintiff, John Marinelli ("Marinelli") contends that on January 10, 2018, while climbing into a manhole, he was injured when the ladder he was descending gave way (*see* Plaintiff's Statement of Undisputed Facts, NYSCEF Doc. No. 120). When the ladder gave way, the plaintiff was able to catch a cleat and keep from falling, but injured himself in the process (*Id.* ¶ 33). Plaintiff contends that the ladder shifted because it was not sitting flush on the floor of the manhole but was instead resting on fiberoptic cables (*Id.* ¶ 34). The injury happened in the course of plaintiff's employment with Hugh O'Kane. The complaint contains causes of action alleging negligence, and causes of action under LL §§ 200, 240(1), and 241(6).

At the time he was injured, the plaintiff was descending the ladder into a manhole in order to retrieve an enclosure for fiber optic cables, bring it out of the manhole, put it in the truck, and assist another electrician, Edward Lahm, in his work splicing a fiber optic cable (*see* Marinelli Feb. 20, 2020 TR, NYSCEF Doc. No. 96 at p 49 ln 22 to p 50 ln 15). After plaintiff was injured, Mr. Lahm descended into the manhole and retrieved the splice enclosure and brought it up to the truck and Mr. Lahm proceeded to do his work (*see Id.* at p 114 ln 6 to 16). From the time the enclosure was retrieved it was routine work (*see Id.* at p 118 ln 16 to 23). Once the splice work was completed, the enclosure was lowered back into the manhole using a rope and then the manhole is closed up and equipment packed in the truck (*see Id.* at p 119 ln 6 to p 120 ln 21, p 121 to 123).

Splicing a cable involves retrieving a splice enclosure located inside a manhole, skinning the cable to reveal the fiber optic strands, bringing the strands into trays where the splicing occurs, splicing, and securing the splice. The rest of the cable remains in the lower compartment (*see* NYSCEF Doc. No. 137, Lahm June 16, 2021 TR at p 20 ln 12 to p 21 ln 21). The splice enclosures have a one sided entry, the fiber optic cables are grouped together and taped together and have sufficient slack so that the plaintiff could easily remove them and put them in the truck to do the actual splice work (*see Id.* at p 30 ln 18 to 9 31 ln 9).

**Summary Judgment**

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case. Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of any material issues of fact or where the issue is arguable (*Glick & Dolleck, Inc. v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). "If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion" (CPLR § 3212[b]). "In considering a summary judgment motion, evidence should be analyzed in the light most favorable to the party opposing the motion (*Martin v Briggs*, 235 AD2d 192, 196 [1st Dept 1997]).

**152032/2019 MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY**
Motion No. 001 002 003 004 005

Page 3 of 11

**Verizon is not a proper defendant**

It is undisputed that the manhole the plaintiff was working in when he was injured was owned by ECS and that ECS is a wholly owned subsidiary of Verizon (*see* Plaintiff's Statement of Undisputed Facts ¶ 2, NYSCEF Doc. No. 120; Hugh O'Kane Statement of Undisputed Material Facts ¶ 1, NYSCEF Doc. No. 98; Lightower defendants Uniform Civil Rule 202.8-g Statement ¶ 1, NYSCEF Doc. No. 103; ECS/Verizon Statement of Material Facts ¶ 1, NYSCEF Doc. No. 142). Verizon is entitled to summary judgment dismissing the plaintiff's claims against it because it is not the owner of the manhole and is not a contractor or agent of the owner or contractor (*see Keilitz v Light Tower Fiber New York, Inc.*, 221 AD3d 429, 430 [1st Dept 2023]). Accordingly, the claims against Verizon must be dismissed.

**Labor Law § 240(1)**

The defendants contend that the LL § 240(1) claims must be dismissed because the work the plaintiff was engaged in at the time of the accident was not a covered activity under the statute. Furthermore, the defendants contend that even if the court were to conclude that the plaintiff was engaged in a covered activity, plaintiff's actions were the sole proximate cause of the accident.

Labor Law § 240(1) provides that all "contractors and owners and their agents … who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." "While the reach of section 240(1) is not limited to work performed on actual construction sites, the task in which an injured employee was engaged must have been performed during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (*Martinez v City of New York*, 93 NY2d 322, 326 [1999] [citation omitted]). Thus, the nature of the work plaintiff was engaged in must be analyzed to determine if it involved the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure.

The work that the plaintiff was engaged in on the date of the accident was the splicing of fiber optic cables, which were already within the manhole. This was not maintenance work but was a new installation in an existing splice box (*see* NYSCEF Doc. No. 115, Toscano April 14, 2021 Tr at p 69 ln 24 to p 70 ln 10). As such, the only category of work under Labor Law § 240(1) that is even potentially applicable is altering. The Court of Appeals has found that "'altering' within the meaning of Labor Law § 240 (1) requires making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998] [emphasis in original]; *see also Weininger v Hagedorn & Co.*, 91 NY2d 958, 960 [1998] ["at the time of his injury, plaintiff's work involved 'making a *significant* physical change to the configuration or composition of the building or structure,' not a simple, routine activity"]). The work involved in the instant matter did not involve a significant physical change to a

152032/2019   MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY                    Page 4 of 11
Motion No.  001 002 003 004 005

[* 4]                                                   4 of 11

INDEX NO. 152032/2019
RECEIVED NYSCEF: 12/26/2024

building or structure. The work plaintiff was involved in consisted, essentially, of connecting existing fiber optic cables together. The cables and the splice enclosure were already in the manhole, the splice enclosure would be retrieved and the work of actually splicing the cables would be performed outside of the manhole, in the truck, and then the splice enclosure would be returned to the manhole (*see* NYSCEF Doc. No. 137, Lahm June 16, 2021 TR at p 20 ln 12 to p 21 ln 21). As the very same cables and splice enclosure that were pulled out of the manhole are returned to it once the work is completed, it cannot be said that a significant change was made to any structure. "Splicing a fiber into pre-existing fiber optic cable for one tenant in a building does not effect a 'significant physical change to the configuration or composition of the building or structure' and does not amount to an alteration under Labor Law § 240(1)" (*Rhodes-Evans v 111 Chelsea LLC*, 44 AD3d 430, 432 [1st Dept 2007] [citations omitted]; *see also Spencer v 322 Partners, L.L.C.*, 170 AD3d 415, 416 [1st Dept 2019] ["Plaintiff's actions of opening a splice box affixed to the wall and splicing telephone wires therein while on a service call for a customer of his employer did not constitute an alteration of the building, but rather routine maintenance"]). Accordingly, the plaintiff's Labor Law § 240(1) claims must be dismissed.

## Labor Law § 241(6)

The plaintiff's Labor Law § 241(6) claim must also be dismissed. In this instance *Rhodes-Evans v 111 Chelsea LLC* (44 AD3d 430, 433 [1st Dept 2007]) is controlling. *Rhodes-Evans* found that locating a certain fiber and splicing it into an existing fiber does not constitute construction, excavation or demolition work (*see Rhodes-Evans, supra, see also Sarigul v New York Tel. Co.*, 4 AD3d 168, 170 [1st Dept 2004] ["the section 241 (6) claim against NYTel was also properly dismissed by the IAS court since plaintiff's work in altering the cable wire was not part of a 'construction, demolition or excavation' of a structure"]; *Nagel v D & R Realty Corp.*, 288 AD2d 121 [1st Dept 2001], *affd,* 99 NY2d 98 [2002] ["Since plaintiff performed no work that significantly affected the structure of defendant's building or elevator, the action was properly dismissed"]).

In light of the above cited case law, the plaintiff's contention that because the plaintiff's employer called the work a new installation, not maintenance, and that it therefore falls under the definition of construction as outlined in 2 NYCRR 23-1.4(b)(13) is unavailing. 2 NYCRR 23-1.4(b)(13) defines construction work as "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures." Liability under Labor Law § 241(6) is not limited to accidents on a building construction site, and we look to regulations contained in the Industrial Code to define what constitutes construction work withing the meaning of the statute (*see Joblon v Solow*, 91 NY2d 457, 466 [1998]). However, to qualify as "construction work" that is protected by Labor Law § 241(6), the work must involve a significant physical change to the configuration or composition of the building or structure (*see Artiga v Century Mgt. Co.*, 303 AD2d 280, 280 [1st Dept 2003]; *see also Joblon, supra; Nagel v D & R Realty Corp.*, 288 AD2d 121 [1st Dept 2001], *affd,* 99 NY2d 98 [2002] ["Since plaintiff performed no work that significantly affected the structure of defendant's building or elevator, the action was properly dismissed"]). As detailed hereinabove, and as previously determined by the First Department, splicing

152032/2019  MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY
Motion No.  001 002 003 004 005

Page 5 of 11

5 of 11

fiber optic cables, without more, does not constitute a significant physical change. Accordingly, the plaintiff's Labor Law § 241(6) claims must be dismissed.

**Labor Law § 200 and Negligence**

There are essentially two theories of liability under Labor Law § 200. The first being where the injury was sustained due to the manner in which the work was being performed. The second is where the injuries were sustained due to a dangerous condition on the premises (see *McLeod v Corp. of Presiding Bishop of Church of Jesus Christ of Latter Day Saints*, 41 AD3d 796 [2d Dept 2007]).

*Manner in which work performed*

As to the first category, where the injury occurred as a result of the method in which the work was being performed, "[i]t is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (*Lombardi v Stout*, 80 NY2d 290, 295 [1992]). In this case, the defendants did not exercise supervisory control. As to ECS, when asked if ECS ever shows up at the work locations, plaintiff's colleague, Mr. Lahm indicated that as a splicer he had not seen an ECS representative, and that they would typically not see an ECS representative for the type of work being performed at the time of the plaintiff's injury (see NYSCEF Doc. No. 116, Lahm June 16, 2021 TR at p 25 ln 9-22). This clearly demonstrates that ECS did not exercise supervisory control over the methods of the plaintiff's work. As to the Lightower defendants, Mr. Lahm testified that they would sometimes see inspectors from Lightower, but couldn't recall if one showed up that night (see NYSCEF Doc. No. 116, Lahm June 16, 2021 TR at p 25 ln 9 to p 26 ln 7). However, "mere general supervisory authority at a worksite for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (*Ortega v Puccia*, 57 AD3d 54, 62 [2d Dept 2008]). Furthermore, the representative of the Lightower defendants testified that Lightower/Crown Castle does not control the means and methods by which Hugh O'Kane electricians do its repair work (see NYSCEF Doc. No. 94, Barone September 18, 2020 TR at p 31 ln 23 to p 32 ln 2). Accordingly, as the defendants did not control the means and methods by which the work was done and did not exercise supervisory control over the job, they cannot be held liable for the method in which the work was performed.

*Dangerous condition*

The second category of negligence is where the injuries were sustained due to a dangerous condition on the premises. "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit

152032/2019 MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY
Motion No. 001 002 003 004 005

Page 6 of 11

6 of 11

defendant's employees to discover and remedy it" (*Gordon v Am. Museum of Nat. History*, 67 NY2d 836, 837 [1986]). "The duty of an owner to provide a safe place to work encompasses the duty to make reasonable inspections to detect dangerous conditions" (*Monroe v City of New York*, 67 AD2d 89, 96 [2d Dept 1979]).

Plaintiff contends that defendants ECS and the Lightower defendants are liable under Labor Law § 200 and common law negligence because they affirmatively created a hazardous condition of cable congestion and allowed it to persist. Plaintiff further contends that the ladder "shifted because it was not sitting on the floor of the manhole vault but was instead resting on fiberoptic cables" (NYSCEF Doc. No. 120, Plaintiff's statement of Undisputed Material Facts ¶ 34). The defendants contend that the sole proximate cause of the plaintiff's injury was plaintiff's failure to attach the ladder to the cleat which is installed in the manhole for that purpose. However, the plaintiff's testimony is sufficient to raise a question of fact as to whether cable congestion in the manhole was such that the plaintiff could not attach the ladder to the cleat. Plaintiff testified that, although he was not positive whether he attempted to lift the ladder and place it on the cleat, "that's what we normally do" (Marinelli Feb. 20, 2020 TR, NYSCEF Doc. No. 96 at p 87 ln 25 – p 88 ln 6). Plaintiff also testified that when you open a manhole you give the ladder a shake and see if you can lift it, but you don't force it because you don't know what kind of damage you're going to do to the fibers (*Id.* at p 87 ln 9-24). Accordingly, there is a question of fact as to whether cable congestion was a proximate cause of the plaintiff's accident.

As to defendant ECS, the owner of the manhole, at his deposition Daniel Tergesen, a construction manager consultant for ECS, testified that cable congestion in the manholes is an issue that is getting worse, and that not everyone racks their cables the way they should (*see* NYSCEF Doc. No. 93, Tergesen March 10, 2021 TR at p 42 ln 9-16). Mr. Tergesen also testified that ECS does not inspect the manholes to make sure that tenant cables and splice boxes are being maintained in a neat and orderly fashion – they leave that up to the tenants (*see Id.* at p 34 ln 12-21). In light of this testimony that cable congestion in the manholes is a known issue and is getting worse, an issue of fact exists as to whether ECS had constructive notice of the alleged dangerous condition. Therefore, the motion of ECS to dismiss the Labor Law § 200 and common law negligence claims against them must be denied.

As to the Lightower defendants, there is no evidence in the record that they knew anything about the alleged cable congestion. In fact, the representative of the Lightower defendants, Anthony Barone, who when asked if he would expect to be notified if there was an issue regarding quality of work, he replied "Unless it was an egregious act of malice, no I would not" (NYSCEF Doc. No. 94, Barone September 18, 2020 TR at p 52 ln 4-5). Additionally, the Lightower defendants do not supervise the means by which Hugh O'Kane electricians do their work (*Id* at p 31 ln 23 to p 32 ln 2). Furthermore, as to the contention that the Lightower defendants caused the cable congestion, this is mere speculation. There is no evidence in the record that it was cables owned by the Lightower defendants and not other tenants of the conduit/manhole that caused the alleged cable congestion. "A prima facie case of negligence must be based on something more than conjecture; mere speculation

152032/2019   MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY                    Page 7 of 11
Motion No.  001 002 003 004 005

7 of 11

regarding causation is inadequate to sustain the cause of action" (*Mandel v 370 Lexington Ave., LLC*, 32 AD3d 302, 303 [1st Dept 2006][citation omitted]). Accordingly, the Labor Law § 200 and common law negligence claims against the Lightower defendants should be dismissed.

The plaintiff's motion for partial summary judgment on his Labor Law § 200 and common law negligence claims must be denied as there are questions of fact as to the cause of his accident.

## Indemnification

In the instant case, pursuant to the contract between Crown Castle and Hugh O'Kane, Hugh O'Kane has a duty to indemnify both Crown Castle and ECS. Pursuant to paragraph 11(A) of the Construction Services Master Agreement between Crown Castle and Hugh O'Kane (the "Contractor"), "Contractor shall indemnify, defend, and hold harmless, ... Crown Castle and its Affiliates, Crown Castle's landowners ... from and against any and all suits, actions, proceedings, losses, damages, claims, fines, penalties, costs and expenses (including reasonable attorneys' fees, investigation and remediation expenses) ("Claim") arising out of or resulting from: (i) injuries to or death of any persons (including employees of Contractor and any Lower Tier Contractor) ... In no event shall Contractor's indemnity and hold harmless obligations, or portions or applications thereof, apply to any Claim caused by the willful misconduct or sole negligence of the party to be indemnified or held harmless." (NYSCEF Doc. No. 158). Here, ECS is the landowner entitled to indemnification pursuant to the contract. Accordingly, the portion of the motions of ECS and the Lightower defendants seeking indemnification from Hugh O'Kane are granted.

## Striking the Note of Issue and compelling discovery

ECS and Verizon move pursuant to 22 NYCRR § 202.21(e) to strike the Note of Issue ("NOI") and compel further discovery. The basis for the motion is that after filing the Note of Issue, plaintiff served a Supplemental Bill of Particulars asserting that the plaintiff underwent additional right total knee replacement surgery in November 2022, and provided new HIPAA authorizations. Accordingly, the movants seek a further deposition and Independent Medical Examination ("IME").

In light of the length of time that the instant case has been pending and the limited additional discovery sought, the court declines to vacate the NOI, but will allow ECS the opportunity to conduct a further deposition of the plaintiff – limited to issues regarding the knee surgery – to be held within thirty (30) days of service of a copy of this order with notice of entry, and a further IME of the plaintiff to be noticed within fifteen (15) days of the conclusion of the plaintiff's deposition and to be held within thirty (30) days of being noticed. "Trial courts are authorized, as a matter of discretion, to permit post-note of issue discovery without vacating the note of issue, so long as neither party will be prejudiced" (*Cabrera v Abaev*, 150 AD3d 588, 588 [1st Dept 2017]).

152032/2019   MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY          Page 8 of 11
Motion No.  001 002 003 004 005

8 of 11

## Conclusion

For the reasons stated herein above, it is hereby

ORDERED that the motion of third-party defendant HUGH O'KANE ELECTRIC CO., INC. for summary judgment dismissing the complaint in its entirety is GRANTED to the extent that the plaintiff's claims pursuant to Labor Law §§ 240(1) and 241(6) are dismissed and the plaintiff's Labor Law § 200 and common law negligence claims are dismissed against all defendants except EMPIRE CITY SUBWAY COMPANY (LIMITED); and it is further

ORDERED that the motion of defendants LIGHTOWER FIBER NETWORKS I, LLC, LIGHTOWER FIBER NETWORKS II, LLC and CROWN CASTLE FIBER LLC for summary judgment dismissing the complaint in its entirety is GRANTED to the extent that the plaintiff's claims pursuant to Labor Law §§ 240(1) and 241(6) are dismissed and the plaintiff's Labor Law § 200 and common law negligence claims are dismissed against all defendants except EMPIRE CITY SUBWAY COMPANY (LIMITED); and it is further

ORDERED that the motion of defendants LIGHTOWER FIBER NETWORKS I, LLC, LIGHTOWER FIBER NETWORKS II, LLC and CROWN CASTLE FIBER LLC for summary judgment on their claim for indemnity against defendant HUGH O'KANE ELECTRIC CO., INC. is GRANTED; and it is further

ORDERED that the plaintiff's motion for partial summary judgment on the issue of liability is denied; and it is further

ORDERED that the motion of defendant VERIZON NEW YORK INC. for summary judgment dismissing the plaintiff's complaint as to them is GRANTED; and it is further

ORDERED that the motion of defendant EMPIRE CITY SUBWAY COMPANY (LIMITED) for summary judgment dismissing the complaint in its entirety is GRANTED to the extent that the plaintiff's claims pursuant to Labor Law §§ 240(1) and 241(6) are dismissed; and it is further

ORDERED that the motion of defendant EMPIRE CITY SUBWAY COMPANY (LIMITED) for summary judgment dismissing the plaintiff's Labor Law § 200 and common law negligence claims is DENIED; and it is further

ORDERED that the motion of defendant EMPIRE CITY SUBWAY COMPANY (LIMITED) for summary judgment on their claim for indemnity against defendant HUGH O'KANE ELECTRIC CO., INC. is GRANTED; and it is further

ORDERED that the motion by ECS and Verizon pursuant to 22 NYCRR § 202.21(e) to vacate the note of issue is and compel further discovery pursuant to CPLR § 3124, is GRANTED to the extent that they may conduct a further deposition of the plaintiff – limited to issues regarding the knee surgery – to be held within thirty (30) days

152032/2019 MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY
Motion No. 001 002 003 004 005

Page 9 of 11

9 of 11

of service of a copy of this order with notice of entry, and a further IME of the plaintiff to be noticed within fifteen (15) days of the conclusion of the plaintiff's deposition and to be held within thirty (30) days of being noticed, and is DENIED to the extent that they seek to vacate the note of issue.

This constitutes the decision and order of the court.

**Mot. Seq. 001**

| 12/9/2024 | NICHOLAS W. MOYNE, J.S.C. |
|-----------|---------------------------|
| DATE | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|-------------------------|--|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**Mot. Seq. 002**

| 12/9/2024 | NICHOLAS W. MOYNE, J.S.C. |
|-----------|---------------------------|
| DATE | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|-------------------------|--|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**Mot. Seq. 003**

| 12/9/2024 | NICHOLAS W. MOYNE, J.S.C. |
|-----------|---------------------------|
| DATE | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|-------------------------|--|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**Mot. Seq. 004**

| 12/9/2024 | NICHOLAS W. MOYNE, J.S.C. |
|-----------|---------------------------|
| DATE | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|-------------------------|--|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

(see signature on the next page)

**152032/2019   MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY**
**Motion No.  001 002 003 004 005**

**Mot. Seq. 005**

| 12/9/2024 | | | | NICHOLAS W. MOYNE, J.S.C. | |
|---|---|---|---|---|---|
| DATE | | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152032/2019  MARINELLI, JOHN vs. EMPIRE CITY SUBWAY COMPANY**
**Motion No.  001 002 003 004 005**

Page 11 of 11